**Gabriel CANO, et al., Plaintiffs—Appellants,**

**v.**

**CONTINENTAL AIRLINES INC., Defendant—Appellee.**

**No. 04–16622.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2006.

Filed July 20, 2006.

Mark D. Wesbrooks, Esq., Phoenix, AZ, for Plaintiffs–Appellants.

William J. Boyce, Esq., Rachel Clingman, Esq., Fulbright & Jaworski, Houston, TX, Joachim P. Cox, Goodsill Anderson Quinn & Stifel, Honolulu, HI, Stephen C. Yost, Campbell Yost Clare & Norell PC, Phoenix, AZ, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN, Circuit Judges, and MILLER, District Judge.*

MEMORANDUM **

Heirs and beneficiaries of the decedent, Rafaela Cano, appeal from the district court's grant of summary judgment on the issue of causation in this diversity case. Asserting claims based on negligence and wrongful death under Arizona law, Appellants had alleged that Continental Airlines bore responsibility for Cano's death from sudden cardiac arrhythmia while in an airplane lavatory. We omit the relevant facts as they are known to the parties.

I

■ Appellants first contend that the district court abused its discretion in excluding the testimony of Dr. Gerald B. Lee, a cardiologist, whose opinion was that Cano probably experienced a protracted period of premonitory symptoms before succumbing to the fatal arrhythmia. The district court made a very thorough analysis of the scientific reliability of Dr. Lee's expert testimony, see FED.R.EVID. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and we are satisfied that the court acted within its broad discretion. *See United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir.2000); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238

---

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(1999) (prescribing the abuse of discretion standard).

Rule 702 first requires that "the [expert] testimony is based upon sufficient facts or data." We think it a "very significant fact" that Dr. Lee developed his opinions "expressly for the purposes of testifying"; they did not "grow[ ] naturally and directly out of research [he has] conducted independent of the litigation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 43 F.3d 1311, 1317 (9th Cir.1995). As a result, Appellants were required to "come forward with other objective, verifiable evidence that the testimony is based on 'scientifically valid principles,' " *id.* at 1318 (quoting *Daubert,* 509 U.S. at 597, 113 S.Ct. 2786), and here they have failed to do so. Dr. Lee's opinion was not fully supported by the medical literature Appellants filed with the district court, and some of the literature was not peer-reviewed. Importantly, Appellants produced no peer-reviewed article in support of Dr. Lee's view that Cano likely experienced 10 to 25 minutes of prodromal symptoms, and no article supported Dr. Lee's opinion that Cano's condition resulted in mental confusion which prevented her from making any attempt to open the door, to push the call button, to leave the lavatory, or otherwise to summon help. *See Domingo ex rel. Domingo v. T.K.,* 289 F.3d 600, 606 (9th Cir.2002) ("[T]he studies that were cited do not provide support for every necessary link in [the expert's] theory of causation.").

Appellants also failed to show that the proposed testimony satisfied the second prong of Rule 702, which requires that "the testimony is the product of reliable principles and methods." Appellants made no real effort to show how Dr. Lee went about reaching his conclusions, and the relationship between Dr. Lee's conclusions and the scientific literature is tenuous at best. *See Metabolife Intern., Inc. v. Wornick,* 264 F.3d 832, 845 (9th Cir.2001).

Finally, Appellants did not show that Dr. Lee reliably applied scientific principles and methods to the facts of this case, which is required under Rule 702's third prong. There are no facts that connect Cano's condition in the lavatory to Dr. Lee's opinion as to causation. Moreover, the record indicates that Dr. Lee offered two different opinions which were contradictory in material parts and shifted when undermined by newly revealed facts.

As we have previously recognized, " '[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.' " *Domingo,* 289 F.3d at 607 (quoting *General Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)). Appellants have provided little more, and we therefore cannot say that the district court's exclusion of Dr. Lee's testimony was an abuse of discretion.

II

■ Appellants also contend that there remains a genuine issue of material fact as to causation even without admission of Dr. Lee's expert opinion testimony. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). They urge that the testimony of Dr. Ira Ehrlich, Continental's cardiologist, and Jennifer Ferguson, a flight attendant, showed that if the flight attendants had properly monitored Cano as she entered the lavatory, or if they had checked the lavatory within two minutes of the last passenger's deplaning, Cano "would have had a statistical chance of survival of 'more likely than not.' "

We consider this argument waived because it is raised for the first time on

appeal. Appellants never suggested to the district court that other record evidence provided independent reasons why summary judgment should not be granted. *See USA Petroleum Co. v. Atlantic Richfield Co.,* 13 F.3d 1276, 1284 (9th Cir.1994) (citing numerous cases).

■ But even if the argument had not been waived, we are satisfied that Appellants cannot show probable causation which, in a case such as this, requires expert medical testimony. *See Kreisman v. Thomas,* 12 Ariz.App. 215, 218, 469 P.2d 107, 110 (1970). Although Dr. Ehrlich agreed that the survival rate can be as high as 50% if there is "instant" bystander cardiopulmonary resuscitation ("CPR") and defibrillation occurs within seven minutes of the fatal arrhythmia, Appellants are clearly unable to prove when Cano entered the lavatory, and there is no evidence of her condition while in the lavatory. As a result, at best one can only speculate as to whether CPR should have been administered "instant[ly]," or whether but for their alleged negligence the Continental flight attendants could have taken action that actually would have prevented Cano's death.

Even more devastating to Appellant's effort was Dr. Ehrlich's ultimate opinion as to this case, which was that Cano probably deteriorated into ventricular fibrillation very quickly. *See Domingo,* 289 F.3d at 607 ("[B]its and pieces of testimony of defendants' expert[ ] [cannot] give rise to a triable issue of causation. Stray comments of the defendants' expert[ ] may not be divorced from the context in which they were presented.").

We are satisfied that Appellants cannot prove legal causation and that the district court's granting summary judgment for Continental was proper.

**AFFIRMED.**